**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES DISTRICT JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780**<br>**Fax (410) 962-1812**<br>**MDD_SAGchambers@mdd.uscourts.gov** |

August 21, 2024

**LETTER ORDER**

      Re:  <u>Camelieta F. o/b/o A.W.F. v. Commissioner, Social Security Administration</u>
           Civil Case No. SAG-23-1745

Dear Counsel:

      On June 4, 2024, pursuant to Local Rule 105.10, Camelieta F. ("Plaintiff"), on behalf of deceased son, A.W.F., filed a Motion to Reconsider ("Motion") the Court's May 21, 2024 Memorandum Opinion and Order (the "May 21, 2024, Decision") affirming the Social Security Administration's ("SSA's" or "Defendant's" or "Commissioner's") judgment and closing this case.  *See* ECF No. 20.  Defendant filed a response in Opposition to the Motion on June 18, 2024. *See* ECF No. 24.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2023).  For the reasons explained below, the Court will DENY Plaintiff's Motion to Reconsider.

      The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  When deciding whether to reconsider its affirmance of an ALJ's decision under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule 59(e).  *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018).  Under 59(e), the Court may amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010).  "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Crocetti*, 2018 WL 3973074, at *1 (internal citation omitted).  The first two criteria are inapplicable here, and Plaintiff fails to satisfy the third criteria.

      Plaintiff contends that reconsideration is warranted because the Court's May 21, 2024, Decision "contains manifest errors of both law and fact."  In that decision, this Court noted that the ALJ erred in assessing A.W.F.'s RFC because "the ALJ failed to explain how A.W.F.'s IQ scores, thought processes, or ability to concentrate are supportive of the conclusion that A.W.F. can only work at a non-production pace," but ultimately concluded that this error was harmless. ECF No. 20, at 1-3.  Defendant counters that reconsideration is improper because "there is no evidence in the record supporting a more restrictive pace limitation than what the ALJ ultimately assessed," and because Plaintiff failed to "demonstrate the Court patently misunderstood Plaintiff's position or has made an error not of reasoning but of apprehension."  ECF No. 24, at 3-4.

Case 8:23-cv-01745-SAG   Document 25   Filed 08/21/24   Page 2 of 3

Camelieta F. o/b/o A.W.F. v. Commissioner, Social Security Administration
Civil Case No. SAG-23-1745
August 21, 2024
Page | 2

This Court agrees with Defendant's position. As explained in the May 21, 2024, Decision, the ALJ relied on the opinions of two psychological consultants, both of whom "conducted mental RFC assessments of A.W.F." and "provided narrative explanations of A.W.F.'s 'sustained concentration and persistence' limitations." ECF No. 18, at 4 (quoting Tr. 16, 22, 111, 147). The medical consultants "determined that A.W.F. had a moderate limitation in his ability to 'sustain concentration for extended periods or work around others' and that A.W.F. could 'carry out most tasks' despite his limitations." *Id.* (quoting Tr. 111, 147). The ALJ relied on the consultants' opinions that A.W.F. would not be significantly limited "with respect to 'perform[ing] at a consistent pace." *Id.* (alteration in original). However, the consultants did not set forth "additional views concerning pace." *Id.* Furthermore, the undersigned explained that "[t]he record's near-total lack of evidence concerning pace, combined with the ALJ's adoption of numerous CPP provisions that draw support from the evidence, makes clear that the ALJ adequately accommodated A.W.F.'s mental limitations." *Id.*

Plaintiff argues that the Court's May 21, 2024 Decision contradicts the Court's rulings in *Ashley C. v. Kijakazi*, No. CDA-23-383, 2023 WL 8235206 (D. Md. Nov. 27, 2023) and *Kristine N. v. Kijakazi*, No. CDA-23-454, 2023 WL 8188595 (D. Md. Nov. 27, 2023), and supports her contention that this case should have been remanded. ECF No. 20, at 3-4. Plaintiff avers that "even in cases where Plaintiff did not address whether the error was harmful, this Court has acknowledged that the lack of narrative discussion related to the production pace limitation is what frustrates meaningful review, warranting remand." *Id.* at 2. Defendant counters that Plaintiff fails to present any binding precedent to support her position, and instead relies on "unpublished decisions . . . addressing deficiencies by different ALJs on different factual records." ECF No. 24, at 3-4. This Court agrees that those decisions, to the extent they are inconsistent with this Court's reasoning, are not binding.

Although the ALJ failed to explain how A.W.F.'s limitations are supportive of the production pace limitation in the RFC, this failure alone does not control the outcome. ECF No. 18, at 3-4. Contrary to Plaintiff's assertion otherwise, it remains Plaintiff's burden to articulate why this failure warrants remand. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency determination."); *see also Smith v. Colvin*, No. TMD-15-1694, 2016 WL 5147195, at *10 (D. Md. 20, 2016) (finding harmless error where the claimant failed to demonstrate how the result would have changed had the ALJ properly addressed the claimant's cognitive difficulties in the RFC analysis); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (finding that the applicant bears the burden of production and of proof during the first four steps of the inquiry). As the May 21, 2024 Decision explained, Plaintiff has not met this burden.

Moreover, Plaintiff failed to articulate how A.W.F.'s RFC may have changed had the ALJ included a more detailed narrative discussion regarding the production pace limitation. ECF No. 18, at 3-4. In fact, as stated in the May 21, 2024 Decision, "to the extent that a pace limitation was necessary at all, the ALJ adopted one that was more restrictive than anything suggested within the record." ECF No. 18, at 4. Accordingly, where, as here, there is no evidence that a more robust analysis would lead to a different (or more Plaintiff-favorable) result, the ALJ's lack of narrative

<u>Camelieta F. o/b/o A.W.F. v. Commissioner, Social Security Administration</u>
Civil Case No. SAG-23-1745
August 21, 2024
Page | 3

discussion constitutes harmless error. *See Turner v. Colvin*, No. 13-0761, 2015 WL 502082, at *11 (M.D.N.C. Feb. 5, 2015), *report and recommendation adopted*, No. 13-0761, 2015 WL 12564210 (M.D.N.C. Mar. 6, 2015) ("Plaintiff has not made any attempt to show how a more complete analysis would have resulted in a more restrictive RFC or a different outcome in the case and, thus, such harmless error does not warrant remand."); *see also Brown v. Astrue*, No. JKS-09-1792, 2011 WL 129006, at *2 (D. Md. Jan. 14, 2011) ("Having identified no evidence to suggest that his obesity caused greater limitations than the ALJ assigned, [Plaintiff] has shown no basis for remand."). At bottom, Plaintiff asks the Court to "re-think what the Court already thought through, – rightly or wrongly," which is an improper basis for reconsideration. *Crocetti*, 2018 WL 3973074, at *1. As such, the Motion fails to establish that reconsideration is necessary here to "correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411.

      For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF 20, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge